Filed 11/22/23  P. v. Gutierrez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050381 |
| Plaintiff and Respondent, | (San Benito County Super. Ct. No. CR-19-01372) |
| v. | |
| OCTAVIO AVILA GUTIERREZ, | |
| Defendant and Appellant. | |

Defendant Octavio Avila Gutierrez (Gutierrez) appeals from a judgment entered after conviction by plea.  Appointed counsel for Gutierrez has filed a brief asking this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Gutierrez was advised of the right to file a supplemental brief but has not done so.  Finding no arguable error that would result in a disposition more favorable to Gutierrez, we affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

At the preliminary hearing, a Hollister Police Department detective testified about an October 2019 interview of 12-year-old Jane Doe[1] concerning sexual molestation.

---

[1] We refer to the victim as Jane Doe to protect her privacy interests.

During the interview, Doe explained that Gutierrez was her stepfather. Doe's parents were divorced and for a portion of each week she lived with her mother, Gutierrez, and her sister. Doe described sexual molestation perpetrated by Gutierrez, beginning with an incident of breast touching that occurred during the 2017-2018 school year. Doe further described two incidents of penial-vaginal penetration that occurred during that same school year. Doe estimated that Gutierrez sexually abused her one or two times each month during the 2017-2018 school year. Doe also described an incident that occurred in May 2019, during which Gutierrez penetrated her vagina with his penis.

Doe reported the sexual molestation to her stepmother in September 2019. Doe was afraid to report Gutierrez's abuse because he "told her that if he were ever to end up in jail[, Doe] would never see her sister again."

In March 2020, the San Benito County District Attorney filed an information charging Gutierrez with eight sex offenses: Sexual intercourse or sodomy with a child 10 years old or younger (Pen. Code, § 288.7, subd. (a);[2] count 1), aggravated sexual assault of a child (§ 269, subd. (a)(1); counts 2 & 5), forcible rape of a child under 14 years old (§ 261, subd. (a)(2); counts 3 & 6), forcible lewd act upon a child (§ 288, subd. (b)(1); counts 4 & 7), and continuous sexual abuse (§ 288.5, subd. (a); count 8). As to all counts, the information alleged that Gutierrez committed the charged offense upon the same victim on separate occasions (§ 667.6, subd. (d)). Further, as to counts 4, 7, and 8, the information alleged that Gutierrez committed the charged offense by using force, violence, duress, menace, or fear of immediate and unlawful bodily injury (§ 1203.066, subd. (a)(1)) and with substantial sexual conduct (§ 1203.066, subd. (a)(8)).

In May 2022, pursuant to a negotiated plea agreement, Gutierrez pleaded no contest to count 3 (forcible rape of a child under 14 years old (§ 261, subd. (a)(2))). In exchange, the district attorney agreed to move at sentencing to dismiss the remaining

_____

[2] Unspecified statutory references are to the Penal Code.

counts and all associated enhancements.  The trial court indicated that it would impose the upper term of 13 years in prison.  Gutierrez answered "Yes" when the court asked if he understood that his plea agreement included the imposition of "13 years, upper term."

The presentence report prepared by the probation officer in anticipation of Gutierrez's sentencing indicates that Gutierrez stipulated to three circumstances in aggravation (Cal. Rules of Court, rule 4.421(a)(1), (3) & (11)).  In July 2022, in accordance with the plea agreement and without objection, the trial court sentenced Gutierrez to the upper term of 13 years in prison on count 3 and dismissed the remaining counts and enhancements.  In addition, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and imposed and suspended a $300 parole revocation restitution fine (§ 1202.45).

In September 2022, Gutierrez timely appealed the sentence and other matters occurring after his plea that do not affect the validity of his plea.  Gutierrez did not request a certificate of probable cause.

In May 2023, pursuant to section 1237.2, Gutierrez's appointed appellate counsel sent a letter to the trial court asserting that the abstract of judgment erroneously included a $40 court operations assessment (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373).  Counsel noted that the probation officer's presentence report recommended against imposition of the assessments because of Gutierrez's inability to pay, and the trial court did not include the assessments in its oral pronouncement at sentencing.  In addition, counsel asserted that the trial court erred by imposing the two $300 restitution fines given Gutierrez's inability to pay and without first requiring the prosecution to demonstrate that Gutierrez in fact had the ability to pay.

In July 2023, the trial court filed an amended abstract of judgment that does not include any restitution fines or assessments.

## II.  DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Gutierrez.  We therefore affirm the judgment.

## III.  DISPOSITION

The judgment is affirmed.

_____
                                     Danner, Acting P. J.

WE CONCUR:

_____
Wilson, J.

_____
Adams, J.[*]

**H050381**
*People v. Gutierrez*

---

[*]Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.